101 F.3d 706
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Flora VILLALTA, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 95-70522.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 8, 1996.*
Decided Nov. 14, 1996.
 
 1
 Petition for Review of an Order of the Board of Immigration Appeals, No. Ald-jwm-qah.
 
 
 2
 B.I.A.
 
 
 3
 REVIEW DENIED.
 
 
 4
 Before: FERNANDEZ and HAWKINS, Circuit Judges and SCHWARZER,** District Judge.
 
 
 5
 MEMORANDUM***
 
 
 6
 Flora Villalta, a native and citizen of El Salvador, petitions for review of an order of the Board of Immigration Appeals ("BIA") affirming the decision of an immigration judge ("IJ") to deny Villalta's request for asylum or withholding of deportation. Villalta claims that the BIA should have found that she feared persecution and that, therefore, the IJ erred in denying her request. We have jurisdiction pursuant to 8 U.S.C. § 1005a. We find that substantial evidence supports the decision of the BIA, and we deny Villalta's petition.
 
 
 7
 We review the decision of the BIA for reasonable, substantial, and probative evidence in the record. 8 U.S.C. § 1105a(a)(4); INS v. Elias-Zacarias, 502 U.S. 478, 481 (1992). "Substantial evidence" in this context means that a petitioner, in order to obtain reversal, must show "that the evidence [s]he presented was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution." Prasad v. INS, 47 F.3d 336, 338 (9th Cir.1995) (quoting Elias-Zacarias, 502 U.S. at 483-84).
 
 
 8
 An alien seeking asylum must establish a "well-founded fear of persecution on account of race, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42)(A). An alien seeking withholding of deportation must show a clear probability that her life or freedom will be threatened in her country. Id. at § 1253(h). We have recognized that a petitioner who cannot make the showing necessary for asylum necessarily cannot meet the more stringent withholding of deportation burden. See Prasad, 47 F.3d at 340. Villalta has failed to establish the required well-founded fear of persecution. See 8 U.S.C. § 1101(a)(42)(A). We require both a subjective and an objective showing of "well-founded fear." Prasad, 47 F.3d at 338. Even if Villalta could make a showing of subjective fear, her objective showing fails, as she has not alleged "by credible, direct, and specific evidence ... facts supporting a reasonable fear of persecution" on account of political opinion. Shirazi-Parsa v. INS, 14 F.3d 1424, 1427 (9th Cir.1994) (internal quotation and citation omitted). The armed forces never detained or physically harmed Villalta. Moreover, in the months since Villalta's departure from El Salvador, the armed forces have not harmed her children, notwithstanding their alleged threats to do so. Villalta has failed to produce "credible, direct, and specific" evidence to support the reasonableness of her fear. See id.
 
 
 9
 The evidence that Petitioner Villalta presented to the BIA was not "so compelling that no reasonable factfinder could fail to find the requisite fear of persecution." Prasad, 47 F.3d at 338. The decision of the BIA had the support of substantial evidence, and the petition is DENIED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission without oral argument pursuant to Fed.R.App.P. 34(a) and Ninth Cir.R. 34-4
 
 
 **
 Honorable William W. Schwarzer, Senior United States District Judge for the Northern District of California, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3